IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

| | | |
|---|---|---|
| EASTLAND ENERGY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-cv-595 |
| | § | |
| SHARPE ENERGY, LLC, | § | |
| and RAY SHARPE, Individually. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Eastland Energy L.L.C. ("Eastland") for its complaint against Defendant Sharpe Energy, LLC ("Defendant") and Defendant Ray Sharpe ("Ray Sharpe")(collectively "Defendants") states as follows:

### I.   PARTIES

1. Plaintiff Eastland is a Delaware limited liability company that has its principal place of business in Houston, Texas.

2. Defendant Sharpe Energy, LLC ("Defendant") is an Illinois limited liability company that has its principal place of business in Salem, Illinois. Defendant may be served with process through its registered agent, Matthew B. Flanigan, 106 S. 9th Street, Mount Vernon, IL 62864.

3. Ray Sharpe is an individual, who on information and belief, resides in Salem, Illinois.

## II.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because claims in the Complaint arise under the laws of the United States, under 28 U.S.C. § 1367 because state law claims herein are part of the same case or controversy as the federal claims, and under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Personal jurisdiction over the Defendants is appropriate because the Defendants transact business in the State of Illinois, entered contracts in the state of Illinois and reside in Illinois.

5.   Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and because a substantial part of the events or omissions giving rise to this case occurred in this District.

## III.   SUMMARY OF CLAIM

6.   This dispute involves transactions of securities in five oil and gas properties evidenced by Drilling Participation Agreements involving five wells (the "DPA"), a Joint Operating Agreement (the "JOA") and a collection of Assignments of Oil and Gas Leases (collectively, the "Assignments", and together with the JOA, the DPA and any other agreements that have entered into between the Plaintiff and Defendant, collectively, the "Agreements") entered into between Plaintiff and Defendant.  Under the terms of the Agreements, Plaintiff was to receive various working interests (collectively, the "Interests") in several oil wells located in Marion County, Illinois.  Defendant's sale of the Interests and Plaintiff's purchase of the Interests are securities under each of: (i) Section 2(a)(1) of the Securities Act of 1933, 15 U.S.C., § 77a et seq. (the "Securities Act"); and (ii) Section 2.1 of

the Illinois Securities Law of 1953, 815 ILCS 5 et seq. (the "Illinois Blue Sky Law").  Plaintiff seeks rescission of the Agreements and a return of the consideration paid for the Interests, plus interests and costs, because: (i) as securities, the Interests were not registered as required under each of the Securities Act and the Illinois Blue Sky Law; and (ii) Ray Sharpe, as a broker or dealer, was not properly registered under the Securities Exchange Act of 1934, 15 U.S.C., § 78a et seq. (the "Exchange Act") nor the Illinois Blue Sky law to sell the Interests to Plaintiff.

## IV.    FACTS

7.    This dispute involves a series of Agreements between Plaintiff and Defendant whereby Plaintiff purchased various percentage working interests in five (5) oil and gas leases located in Marion County, Illinois.

8.    Prior to October 26, 2012, Defendant owned leasehold interests in the following oil and gas leases (collectively, the "Leases" and each a "Lease"):

> A.    Oil and Gas Lease dated January 9, 2009 by and among Diana G. Quaranta a/k/a Diana Quaranta; Vincent Anthony Quaranta a/k/a Vincent A. Quaranta and Maryellen M. Quaranta, his wife; Diana Roberta Fox a/k/a Diana R. Quaranta and Matthew R. Fox, her husband; Anthony Joseph Quaranta a/k/a Anthony J. Quaranta and Kimberly L. Quaranta, his wife; as lessors, and Ray Sharpe Energy Exploration, as Lessee, and recorded as document #2009R2595, on April 6, 2009, in the Office of the Recorder in the Marion County, Illinois;
>
> B.    Oil and Gas Lease dated February 7, 1962 by and O.E. Garrett at al, as Lessors and Slagter Production Company, as Lessee, and recorded in Book 102 Page 417 in the Office of the Recorder in Marion County,

    Illinois;

  C. Oil and Gas Lease dated July 4, 2012, by and among Clinton and Fern Shuler, as Lessors and Defendant, as Lessee, and recorded as Document 2012R05122 in the Office of the Recorder in Marion County, Illinois;

  D. Oil and Gas Lease dated June 20, 2012 by and among Bryce Geiler and Stephen Wilkins, as Lessors and Defendant, as Lessee, and recorded as Document 2012R05123 in the Office of the Recorder in Marion County, Illinois; and

  E. Oil and Gas Lease dated November 2, 2012 by and among Flossie Ellen Kleinik (aka Flossie K. Cooney), as Lessor and Defendant, as Lessee, and recorded as Document 2012R06651 in the Office of the Recorder in Marion County, Illinois.

 9. Prior to October 26, 2012, Defendant through its agents and/or employees who were acting as brokers or dealers, including but not limited to Ray Sharpe, contacted Plaintiff, in order to solicit Plaintiff's participation in a business arrangement pursuant to which Plaintiff would purchase from Defendant and Defendant would sell to Plaintiff various percentage working interests in the Leases.  These contacts included but not limited to, interstate mailings, telephone calls and electronic communications.

 10. After negotiations between the parties, on or about October 26, 2012, the Plaintiff and Defendant entered into the following agreements, pursuant to which Plaintiff paid to Defendant the sum of approximately $1,000,000.00 in exchange for the Interests:

  A. That certain Sharpe Energy, LLC 2012-E Oil Development Project 3-Well Drilling Participation Agreement attached hereto as <u>Exhibit A</u>;

  B. That certain Sharpe Energy, LLC Franklin County Thompsonville North Field Improved Oil Recovery Development Project Drilling Participation Agreement attached hereto as <u>Exhibit B</u>;

  C. That certain Sharpe Energy, LLC Kinmundy Oil Field: Bouyoucos#1 Oil Well Rework Development Project Drilling Participation Agreement attached hereto as <u>Exhibit C</u>; and

  D. That certain Joint Operating Agreement by and between Sharpe Energy LLC as operator and Eastland Energy, LLC as participant attached hereto as <u>Exhibit D</u>.

11. Pursuant to the terms of the Agreements and in furtherance of the transaction contemplated therein, on or about December 20, 2013, Defendant assigned various percentage interests in the Leases to Plaintiff pursuant to the following documents (collectively, the "Assignments"):

  A. That certain Assignment of Oil and Gas Lease by and between Sharpe Energy, LLC as assignor and Eastland Energy, LLC as assignee and recorded as Document 2013R07489 in the Office of the Recorder in Marion County, Illinois on December 20, 2013, attached hereto as <u>Exhibit E</u>, and any corrective, divisional and/or provisional assignments thereof;

  B. That certain Assignment of Oil and Gas Lease by and between Sharpe Energy, LLC as assignor and Eastland Energy, LLC as assignee and recorded as Document 2013R07485 in the Office of the Recorder in Marion County, Illinois on December 20, 2013, attached hereto as

<u>Exhibit F</u>, and any corrective, divisional and/or provisional assignments thereof; and

C. That certain Assignment of Oil and Gas Lease by and between Defendant as assignor and Plaintiff as assignee and recorded as Document 2013R07496 in the Office of the Recorder in Marion County, Illinois on December 20, 2013, attached hereto as <u>Exhibit G</u>, and any corrective, divisional and/or provisional assignments thereof.

12. Following execution of the Agreements and the recording of the Assignments, a dispute arose between the parties pursuant to which Defendant sought to force Plaintiff to pay additional sums allegedly pursuant to the above referenced agreements.

**COUNT I**
**Rescission and Restitution Against Defendant and**
**Defendant Ray Sharpe**
**Based on Defendants Failure to Register the Interests as**
**Required Under the Illinois Blue Sky Law.**

13. Plaintiff adopts and re-alleges each preceding paragraph as if set forth herein.

14. Section 2.1 of the Illinois Blue Sky Law defines a "security" as "any note, stock, . . . fractional undivided interest in oil, gas or other mineral lease . . "

15. Under the terms of the Agreements, Defendant sold to Plaintiff and Plaintiff purchased from Defendant a fractional undivided interest in a number of oil and gas leases for wells located in Marion County, Illinois.

16. Under Section 2.1 of the Illinois Blue Sky Law, the Interests sold by Defendant to Plaintiff are deemed to be securities.

17. Section 5 of the Illinois Blue Sky Law requires that "All securities except those

set forth under Section 2a of this Act, or those exempt under Section 3 of this Act, or those offered or sold in transactions exempt under Section 4 of this Act, or face amount certificate contracts required to be registered under Section 6 of this Act, or investment fund shares required to be registered under Section 7 of this Act, shall be registered either by coordination or by qualification, as hereinafter in this Section provided, prior to their offer or sale in this State."

18. The Interests sold by Defendant and purchased by Plaintiff in the state of Illinois were not registered by coordination or by qualification as required under the Illinois Blue Sky Law.

19. Section 13A of the Illinois Blue Sky Law provides that every sale of securities violative of the Illinois Blue Sky Law is voidable at the election of the purchaser.

20. Plaintiff seeks to void and rescind the Agreements based on the violations of the Illinois Blue Sky Law and is entitled to restitution of the amounts that it paid Defendant pursuant to the Agreements, plus interest. Plaintiff previously sent a notice of election of rescission to Defendants in accordance with Section 13 of the Illinois Blue Sky Law. A true and correct copy of said notice is attached hereto as Exhibit H.

**COUNT II**
**Cause of Action: Rescission and Restitution against Defendant**
**and Defendant Ray Sharpe Based on**
**Ray Sharpe's Failure to Register as a Dealer as**
**Required Under the Illinois Blue Sky Law.**

21. Plaintiff adopts and re-alleges each preceding paragraph as if set forth herein.

22. Section 2.7 of the Illinois Blue Sky Law defines a "dealer" as "any person . . . who engages in this State, either for all or part of his or her time, directly or indirectly, as agent,

broker or principal, in the business of offering, selling, buying and selling, or otherwise dealing or trading in securities issued by another person, any government or political subdivision or instrumentality thereof."

23. Section 2.3 of the Illinois Blue Sky Law defines a "person" as "an individual, a corporation, a partnership, an association, a joint stock company, a limited liability company, a limited liability partnership, a trust or any unincorporated organization.

24. When Defendant sold the Interests to Plaintiff pursuant to the Agreements, Defendant was engaged, as an agent, broker or principal, in the business of offering and selling or otherwise dealing in securities and thus is a dealer under Section 2.3 of the Illinois Blue Sky Laws.

25. Section 8 of the Illinois Blue Sky Laws requires every dealer to be registered with the Illinois Secretary of State.

26. At the time Defendant solicited Plaintiff's involvement in the Agreements through the period when the parties entered into the Agreements Defendant was not registered with the Illinois Secretary of State in accordance with the requirements of the Illinois Blue Sky Laws.

27. None of the exemptions from dealer registration in the Illinois Blue Sky Laws apply to Defendant.

28. Section 13A of the Illinois Blue Sky Law provides that every sale of securities violative of the Illinois Blue Sky Law any may be rescinded and is voidable at the election of the purchaser.

29. Plaintiff seeks to void and rescind the Agreements based on the violations of the

Illinois Blue Sky Law and is entitled to restitution of the amounts that it paid Defendant pursuant to the Agreements, plus interest.  Plaintiff previously sent a notice of election of rescission to Defendants in accordance with Section 13 of the Illinois Blue Sky Law.  A true and correct copy of said notice is attached hereto as <u>Exhibit H</u>.

**COUNT III**
**Cause of Action: Restitution Against Defendant and**
**Defendant Ray Sharpe Based on**
**Defendant's Failure to Register the Interests**
**as Required Under the Securities Act.**

30. Plaintiff adopts and re-alleges each preceding paragraph as if set forth herein.

31. Section 2(a)(1) of the Securities Act defines a "security" as "any note, . . . .fractional undivided interest in oils, gas or other mineral rights . . ."

32. Under the terms of the Agreements, Defendant sold to Plaintiff and Plaintiff purchased from Defendant a fractional undivided interest in a number of oil and gas leases for wells located in Marion County, Illinois

33. Under Section 2(a)(1) of the Securities Act, the Interests sold by Defendant to Plaintiff are deemed to be securities.

34. Section 5 of the Securities Act prohibits, inter alia, the "use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security . ."

35. Defendant never filed a registration statement as to the Interests as required under the Securities Act.

36. None of the exemptions from the registration requirements under the Securities

Act applies in the instant case.

38. Section 12(a) of the Securities Act provides that every person who sells a security in violation of Section 5 of the Securities Act, "shall be liable . . . to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon."

38. Plaintiff seeks to recover from Defendant the consideration paid for the Interests, with interest thereon, based on the violations of the Securities Act.

## COUNT IV
### Cause of Action: Rescission and Restitution Against Defendant and Defendant Sharpe Based on Defendant Ray Sharpe's Failure to Register as a Broker as Required Under the Exchange Act.

39. Plaintiff adopts and re-alleges each preceding paragraph as if set forth herein.

40. Section 3(a)(4)(A) of the Exchange Act defines a "broker" as "any person engaged in the business of effecting transactions in securities for the account of others."

41. When Defendant sold the Interests to Plaintiff pursuant to the Agreements, Defendant was engaged in the business of effecting transactions in securities for the account of others and thus, is a "broker" under Section 3(a)(5)(A) of the Exchange Act.

42. Under Section 15(a)(1) of the Exchange Act, it is unlawful for any broker to "make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in . . . the purchase or sale of, any security unless such broker is registered in accordance with subsection (b) of this section [15]."

43. At the time Defendant and Defendant Ray Sharpe solicited Plaintiff's

involvement in the Agreements through the use of the mails, electronic mail and telephone conversations through the period when the parties entered into the Agreements Defendant Sharpe was not registered as a broker in accordance with the requirements of the Exchange Act.

44. None of the exemptions from broker registration in the Exchange Act apply to Defendant Ray Sharpe.

45. Section 29(b) of the Exchange Act provides that every contract made in violation of the Exchange Act shall be void.

46. Plaintiff seeks to void the Agreements based on the violations of the Exchange Act and is entitled to restitution of the amounts that it paid Defendant pursuant to the Agreements, plus interest.

## Prayer

WHEREFORE, Plaintiff respectfully prays that it be awarded:

A. Rescission of the Agreements, including restitution by Defendant to Plaintiff for the amounts Plaintiff paid to Defendant for the securities, plus interest, said amount to be proven at trial, but which is at least $1,000,000.

B. Pre-judgment and post-judgment interest;

C. Costs, attorneys' fees, interest and expenses to the fullest extent permitted by law; and

D. Such other relief as the Court deems just and equitable.

Respectfully submitted,

BYRON CARLSON PETRI & KALB, LLC


/s/Christopher J. Petri
Christopher J. Petri, #6257456
411 St. Louis Street
Edwardsville, IL 62025

Telephone – (618) 655-0600
Telecopier – (618) 655-4004
Attorney for Plaintiff

Case 3:15-cv-00595   Document 1   Filed 05/29/15   Page 12 of 12   Page ID #12