IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EASTLAND ENERGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-595-SMY-SCW |
| | ) |
| SHARPE ENERGY, LLC, and | ) |
| RAY SHARPE, Individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| SHARPE ENERGY, LLC, | ) |
| | ) |
| Counterclaimant, | ) |
| vs. | ) |
| | ) |
| EASTLAND ENERGY, LLC, | ) |
| | ) |
| Counterdefendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Arbitration and For Stay Pending Arbitration (Doc. 28) filed by Defendants Sharpe Energy, LLC and Ray Sharpe. Plaintiff Eastland Energy, LLC filed a timely response (Doc. 31). For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiff asserts that "this dispute involves transactions of securities in five oil and gas properties evidenced by Drilling Participation Agreements involving five wells (the "DPA"), a Joint Operating Agreement (the "JOA"), and a collection of Assignments of Oil and Gas Leases (collectively, the "Assignments", and together with the JOA, the DPA and any other agreements

1

that have entered into between the Plaintiff and Defendant, collectively, the "Agreements") entered into between Plaintiff and Defendant" (Doc. 27, pp. 2-3). Plaintiff alleges that under the terms of the Agreements, it was to receive various working interests (collectively, the "Interests" or "the Securities") in several oil wells located in Marion County, Illinois. *Id*. Plaintiff seeks rescission of the Agreements and a return of the consideration paid for the Interests, plus interests and costs, because: (i) as securities, the Interests were not registered as required under the Securities Act and the Illinois Blue Sky Law; and (ii) Ray Sharpe, as a broker or dealer, was not properly registered under the Securities Exchange Act of 1934, 15 U.S.C., § 78a *et seq*. (the "Exchange Act") or the Illinois Blue Sky law to sell the Interests to Plaintiff. *Id*. Plaintiff further alleges that the Agreements were procured by fraud in violation of the Illinois Blue Sky Law and the common law and that Defendants breached the Agreements. *Id.*

Defendants move to compel arbitration of Plaintiff's claims based on the arbitration clause in the Agreements which require arbitration for "any dispute arising under" the Agreements (Doc. 28-1). In response, Plaintiff contends that the scope of the arbitration clause does not encompass all of its claims.

## Discussion

### Scope of Arbitration Clause

Arbitration is a matter of contract and the language of the arbitration clause determines the scope of what the parties intended to arbitrate. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Federal policy requires that all doubts or ambiguities concerning the scope of the parties' agreement be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Thus, a claim belongs in arbitration "unless it may be said with positive

assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Welborn Clinic v. MedQuist, Inc.,* 301 F.3d 634, 639 (7th Cir.2002). "The party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Plaintiff concedes that the arbitration clause in question encompasses most of the claims set forth in its Amended Complaint. However, Plaintiff denies that its lack of registration claims "arise under" the Agreements and are therefore subject to arbitration. As such, Plaintiff asserts that, at a minimum, this Court should adjudicate those claims.

In an early case relied upon by Plaintiff, the Second Circuit Court held that certain "arising under" language was not sufficiently broad to reach claims of fraud in the inducement. *In re Kinoshita & Co.,* 287 F.2d 951, 952–53 (2nd Cir.1961). However, the holding in *Kinoshita* has been questioned in subsequent Second Circuit rulings and other circuits have rejected its reasoning. *See S.A. Mineracao da Trindade–Samitri v. Utah Int'l, Inc.,* 745 F.2d 190, 194 (2nd Cir.1984) (narrowing *Kinoshita* to its precise facts); *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.,* 863 F.2d 315, 321 (4th Cir.1988) (an arising under clause should be read to embrace 'every dispute having a significant relationship to the contract'); *Battaglia v. McKendry,* 233 F.3d 720, 724 (3rd Cir.2000) (claims arising hereunder encompasses disputes regarding the formation of the agreement); *Gregory v. Electro–Mechanical Corp.,* 83 F.3d 382, 385 (11th Cir.1996).

In *Sweet Dreams Unlimited, Inc. v. Dial–A–Mattress International, Ltd.,* 1 F.3d 639, 641 (7th Cir.1993), the Seventh Circuit Court of Appeals considered an arbitration provision covering disputes "arising out of" the Agreement and concluded that all disputes of which the resolution arguably depends on the construction of an agreement "arise out of" that agreement

3

for purposes of an arbitration clause. Subsequently, in *Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994), the Seventh Circuit expressly disagreed with *Kinoshita,* noting that federal policy favors arbitration and that when *Kinoshita* was decided, many judges were hostile to sending questions of U.S. law to arbitration abroad.

Here, the parties don't dispute that a valid arbitration clause exists which mandates the arbitration of "any disputes arising under this Agreement." It is also clear that Plaintiff's lack of registration claims involve disputes, the resolution of which depends on the construction of the Agreements entered into by the parties. As Defendants correctly point out, the claims only exist because of the underlying Agreements and without the Agreements, there would be no relationship and no claims. Therefore, Plaintiff's lack of registration claims are also subject to arbitration.[1]

### Waiver

Plaintiff also contends that Defendants waived any right to arbitration by waiting until Plaintiff filed its Complaint before alleging any breaches under the Agreement and asserting any right to arbitration. Plaintiff further notes that Defendants have actively participated in the litigation by answering the Complaint and asserting counterclaims and affirmative defenses.

A party may waive a contractual right to arbitrate either expressly or implicitly. *Halim,* 516 F.3d at 562; *Welborn Clinic v. Medquist, Inc.,* 301 F.3d 634, 637 (7th Cir.2002). In deciding whether a party has waived its right to enforce an arbitration clause, "courts must determine whether based on all the circumstances, the party against whom the waiver is to be enforced has

---

[1] Similarly, the actions of Defendant Ray Sharpe will affect the validity of the Agreements at issue and thus, the claims against Defendant Sharpe are also subject to arbitration. Contrary to Plaintiff's assertions, Illinois courts have found that a non-party may be subjected to arbitration. *See WighTech Inc. v. LightSwitch Investments, LLC*, 2011 WL 10455466, at *7 (Ill. App. Ct. Mar. 10, 2011) (finding non-party was covered by arbitration agreement).

acted inconsistently with the right to arbitrate." *Armstrong v. LaSalle Bank Nat'l Ass'n,* 552 F.3d 613, 616 (7th Cir.2009) (internal quotation omitted); *Sharif,* 376 F.3d at 726.

In this case, Defendants have not conducted themselves inconsistently with their right to arbitrate. At this juncture, the extent of Defendants' participation in the litigation has been the filing of an Answer, counterclaim and the pending motion (all filed contemporaneously). Defendants raised the arbitration clause as an affirmative defense in both their Answer and counterclaim, thereby putting Plaintiff on notice of their intent to seek arbitration. These actions do not support a finding of waiver of the right to compel arbitration. *See Sharif v. Wellness Int'l Network, Ltd. .,* 376 F.3d 720, 726 (7th Cir.2004); *Halim v. The Great Gatsby's Auction Gallery, Inc.,* 2004 WL 434191, at *6 (N.D.Ill. Mar.5, 2004).

Finally, as the Seventh Circuit has instructed, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 732 n. 7 (7th Cir.2005) (citing *Tice v. Am. Airlines, Inc.,* 288 F.3d 313, 318 (7th Cir.2002)). Accordingly, Defendants' Motion to Compel Arbitration (Doc. 28) is granted and this matter is stayed pending the conclusion of arbitration.

**IT IS SO ORDERED.**

**DATED: July 12, 2016**

**s/ Staci M. Yandle_____**
**STACI M. YANDLE**
**United States District Judge**